UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JULIE T.,

           Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

CASE NO. 3:20-cv-05712-BAT

**ORDER REVERSING THE COMMISSIONER'S FINAL DECISION AND REMANDING**

Plaintiff appeals the ALJ's decision finding her not disabled. The ALJ found bipolar disorder, anxiety disorder, and post-traumatic stress disorder are severe impairments; Plaintiff has the residual functional capacity (RFC) to perform "a full range of work at all exertional levels" with additional limitations; and Plaintiff cannot perform past relevant work but is not disabled because she can perform other jobs in the national economy. Tr. 18-31.

Plaintiff contends the ALJ erroneously discounted the medical opinions of three doctors. Dkt. 19. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**DISCUSSION**

The Court may reverse the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

**A.   Medical Opinions**

Plaintiff argues the ALJ erroneously discounted the opinions of three medical sources regarding her mental impairments. A treating doctor's opinion is generally entitled to greater weight than an examining doctor's opinion, and an examining doctor's opinion is entitled to greater weight than a non-examining doctor's opinion. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). An ALJ may only reject the contradicted opinion of a treating doctor or examining doctor by giving "specific and legitimate" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).

   *1.   Ruth Currah, Ph.D.*

Dr. Currah, Plaintiff's treating psychologist, opined Plaintiff "has problems with her ability to concentrate or complete tasks that would prevent her from carrying out short and simple tasks and detailed instructions"; "would be unable to stay on-task for two hour[s] more than once per day and that lapses in concentration would last more than one hour; and that Plaintiff's pace is twice as slow compared to the average person"; "would be unable to work in coordination or proximity with others; that she would be unable to interact appropriately with the general public or respond appropriately to criticism by supervisors; and that she would distract co-workers with behavioral extremes and display socially unacceptable behavior which includes panic attacks and crying"; and would "effectively cease [to function] if she were required to get

to work at a particular time, five days a week; perform simple, repetitive tasks full-time; or if her performance was supervised." Tr. 27. The ALJ gave Dr. Currah's opinion "little weight." Tr. 26.

The ALJ first discounted Dr. Currah's opinion as "inconsistent with the claimant's benign mental status findings" and "the claimant's longitudinal performance on testing." Tr. 27. However, these examination results are not inconsistent with Dr. Currah's opinion. Rather, they focus on Plaintiff's appearance and cognition – *e.g.*, her speech, memory, and motor activity – and not her behavioral limitations such as attendance or ability to maintain appropriate behavior and come to work on time.

The ALJ next discounted Dr. Currah's opinion as contradicted by Plaintiff's activities, specifically, "act[ing] as the primary caregiver to her 4-year-old son since she regained custody of him in 2016." Tr. 28. However, the ALJ's finding that Plaintiff acted as her child's "primary caregiver" is not, in this context, a valid reason to discount Dr. Currah's opinion. *See Trevizo*, 871 F.3d at 676 ("[T]he record provides no details as to what Trevizo's regular childcare activities involved. The ALJ did not develop a record regarding the extent to which and the frequency with which Trevizo picked up the children, played with them, bathed them, ran after them, or did any other tasks that might undermine her claimed limitations[.]").

Third, the ALJ discounted Dr. Currah's opinion based on Plaintiff's "noncompliance with treatment recommendations." This is not a valid ground to discount the doctor's opinion. *See Garrison*, 759 F.3d at 1018 n.24 ("[W]e do not punish the mentally ill for occasionally going off their medication when the record affords compelling reason to view such departures from prescribed treatment as part of claimants' underlying mental afflictions."); *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996) ("'[I]t is a questionable practice to chastise one with a

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION
AND REMANDING - 3

mental impairment for the exercise of poor judgment in seeking rehabilitation.'") (quoting *Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir. 1989)).

Fourth, the ALJ discounted Dr. Currah's opinion as relying "heavily on the claimant's subjective report regarding her symptoms, which … are not fully reliable." Tr. 28. The ALJ found Dr. Currah's treatment notes "contain minimal objective signs." *Id*. This is not a valid ground to discount an opinion concerning mental impairments:

> Courts have recognized that a psychiatric impairment is not as readily amenable to substantiation by objective laboratory testing as is a medical impairment and that consequently, the diagnostic techniques employed in the field of psychiatry may be somewhat less tangible than those in the field of medicine. In general, mental disorders cannot be ascertained and verified as are most physical illnesses, for the mind cannot be probed by mechanical devises in order to obtain objective clinical manifestations of mental illness.

*Lebus v. Harris*, 526 F. Supp. 56, 60 (N.D. Cal. 1981). The record indicates that Dr. Currah's opinion was substantially based on her own clinical observations, that Dr. Currah found Plaintiff to be "truthful," Tr. 39, and therefore there is no evidentiary basis for rejecting the opinion. *Cf. Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1199–200 (9th Cir. 2008) ("an ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations"). The ALJ thus erroneously rejected Dr. Currah's opinion on the grounds that it relied on Plaintiff's subjective statements, as the ALJ failed to identify any evidence that Dr. Currah unduly relied on such statements.

Finally, the ALJ discounted Dr. Currah's opinion as contradicted by a lack of "any significant issues with no-shows, a further indication [Plaintiff] can leave her home when she needs to do so." Tr. 28-29. This is not a valid ground to discount Dr. Currah's opinion, as it

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION
AND REMANDING - 4

penalizes Plaintiff for attending her therapy sessions and mischaracterizes Plaintiff's ability to leave her home.

In sum, the ALJ erroneously discounted Dr. Currah's opinion.

### 2. *Alysa A. Ruddell, Ph.D.*

Dr. Ruddell examined Plaintiff in April 2017, and opined Plaintiff "has marked or severe limitations in five mental domains, including her ability to complete a normal workday or workweek without interruptions from psychologically based symptoms and to maintain appropriate behavior in a work setting." Tr. 27. The ALJ gave Dr. Ruddell's opinion "little weight." Tr. 26.

The ALJ discounted Dr. Ruddell's for the same reasons she discounted Dr. Currah's opinion; as discussed above these reasons are erroneous. Separately, the ALJ also discounted Dr. Ruddell's opinion as contradicted by Plaintiff's "generally unremarkable" presentation – which included "appropriate appearance; normal motor skills; appropriate thought content; full orientation; and normal rate of rhythm of mental activity and speech." Tr. 28. However, Plaintiff's "presentation" is not facially inconsistent with Dr. Ruddell's opinion, that Plaintiff's mental impairments such as anxiety limit her. For instance, that Plaintiff appeared appropriately does not establish her ability or inability to complete a normal workday. Next, the ALJ discounted Dr. Ruddell's opinion as contradicted by testing results indicating "Plaintiff's performance was consistent with the ability to perform simple tasks." Tr. 28. The ALJ's reliance on these test results is misplaced, as they do not speak to Plaintiff's behavioral limitations such as attendance or ability to maintain appropriate behavior and come to work on time.

In sum, the ALJ erroneously discounted Dr. Ruddell's opinions.

### 3. *Kimberly Wheeler, Ph.D.*

Dr. Wheeler examined Plaintiff in November 2014, March 2015, and March 2016, and opined, among other things, Plaintiff has marked limitations in at least four "mental domains," including "her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms." Tr. 26. The ALJ gave Dr. Wheeler's opinions "little weight." *Id.*

The ALJ discounted Dr. Wheeler's opinions for the same reasons she discounted Dr. Currah and Dr. Ruddell's opinions, and thus erred as discussed above. The ALJ also discounted Dr. Wheeler's earlier opinions because they "predate the period at issue." Tr. 27. Plaintiff only challenges the ALJ's discounting of Dr. Wheeler's March 2015 opinion. While "[m]edical opinions that predate the alleged onset of disability are of limited relevance," *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008), Dr. Wheeler's March 2015 predates the alleged onset date by less than two months and is consistent with Dr. Wheeler's March 2016 opinion and the opinions of Dr. Currah and Dr. Ruddell.

The ALJ accordingly erred by discounting the opinion on this ground. In sum, the ALJ erroneously discounted Dr. Wheeler's opinion. The ALJ's determination to discount the three medical opinions was harmful because it resulted in an RFC that did not account for all assessed functional limitations.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g)

On remand, the ALJ shall reevaluate the opinions of Drs. Currah, Ruddell, and Wheeler, develop the record and redetermine the RFC as needed, and proceed to the remaining steps as appropriate.

DATED this 20th day of April 2021.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge